OPINION OF THE COURT
Geoffrey J. O’Connell, J.
Defendant, a corporation, applies for an order vacating the fine imposed after its default in appearing (CPL 600.20). It alleges excusable neglect and the existence of a legal impediment to the prosecution of the offenses charged.
This action arises out of two simplified traffic informations issued on November 19, 1987, which accuse the defendant (a trucking company) of violating section 385 (1) of the Vehicle and Trafile Law (over-width vehicle in the middle lane) and section 385 (3) (e) of the Vehicle and Traffic Law (over-length vehicle in the middle lane). Both infractions allegedly occurred at 10:00 p.m. on Interstate 495 (the Long Island Expressway or L.I.E.).
The issue posed is whether the State of New York can so limit access by commercial vehicles to highways of the interstate system. Defendant contends that the enactment of the Surface Transportation Assistance Act of 1982 (hereinafter STAA; 49 USC § 2300 et seq.) demonstrates the Federal Government’s intention of preempting the field of commercial vehicle width and length regulation. The prosecution argues that reasonable regulation by States is permissible within the Federal scheme.
PERTINENT STATUTES AND REGULATIONS
Vehicle and Traffic Law § 385 (1) (a) limits the permissible width of vehicles to 96 inches; "except that the maximum width * * * shall be [102] inches * * * on any qualifying highway with traffic lanes designed to be a width of [12] feet or more”. Vehicle and Traffic Law § 134-a defines "qualifying highway” to mean highways of national interstate system and those other highways designated by the Commissioner of Transportation. Subdivision (g) of Vehicle and Traffic Law § 385 (1) empowers the Commissioner of Transportation to promulgate rules and regulations effectuating the purposes of section 385 (1).
Vehicle and Traffic Law § 385 (3) (e) and (4) (a) establish the permissible lengths of semitrailers and combinations of vehicles and trailers. However, Vehicle and Traffic Law § 385 (4) (b) (1) provides that the over-all length limitation shall not *232 apply to a combination of vehicles being operated upon any qualifying highway.
As part of the interstate highway system, the L.I.E. (1495) is a qualifying highway. However, the Commissioner of Transportation, in reliance upon Vehicle and Traffic Law § 1627, has promulgated part 8028 of the Rules and Regulations of the Department of Transportation (15 NYCRR part 8028) which purports to limit the designation of the L.I.E. as a qualifying highway to its right lane, and only between the hours of 7:00 p.m. and 7:00 a.m.
PREEMPTION
The extent to which enactment of the STAA preempted the area of commercial vehicle regulation on Federally assisted highways was litigated in New York State Motor Truck Assn. v City of New York (654 F Supp 1521, affd 833 F2d 430). There the City of New York proposed to issue regulations including length, width and access restrictions as well as permit requirements. Plaintiff contended that Federal preemption precluded State and city regulation. The city argued that reasonable safety-related regulations were not precluded by the STAA as it had been amended by the 1984 enactment of the Tandem Truck Safety Act (hereinafter TTSA).
The Federal District Court relied upon 49 USC § 2311 (c) among other provisions of the STAA. It provides, "No State shall prohibit maxi-cube or commercial motor vehicle combinations^ etc.]” It found that regulations restricting qualifying highway usage of particular times of day were in direct conflict with the STAA and potentially could have the effect of denying access to interstate highways. (Supra, at 1535-1538.) The potential denial of access arises out of possible varying State time of day restrictions which would render interstate travel impossible.
The Federal court found that passage of the TTSA in 1984 expanded the permissible sphere of State and local regulation of commercial vehicles on highways of the interstate system only where the procedure contained in 49 USC § 2311 (i) is followed. It provides that the Governor of a State who determines that a portion of the interstate highway system within his State is not capable of safely accommodating commercial vehicles of certain lengths may request an exemption for such portion. The Secretary of Transportation may upon such application, or his or her own initiative, exempt portions of *233 the interstate highway system from the prohibition on length regulations inconsistent with Federal law. If the procedure contained in 49 USC § 2311 (i) is not followed, State and local governments lack the power to regulate the length or width of commercial vehicles on interstate highways. (New York State Motor Truck Assn. v City of New York, 654 F Supp 1521, affd 833 F2d 430, supra.)
The time of day restrictions here challenged do not differ in any significant way from those struck down in New York State Motor Truck Assn. v City of New York (supra). No effort was made to invoke the exemption procedure established by the TTSA. Accordingly, the time of day restrictions directly conflict with the STAA and may not be enforced.
In the instant case, the specific violations charged are a failure to stay in the right lane. The vehicle in question was operating at a time permitted under 15 NYCRR part 8028 but in the middle lane. Nevertheless, the regulation of lane usage, like the regulation of time of day usage, involves a power which the State does not possess except when 49 USC § 2311 (i) is invoked. Since the 49 USC § 2311 (i) procedure was not utilized, enforcement of the challenged lane regulation is precluded by Federal preemption.
Based on the foregoing, the convictions are vacated and the simplified traffic informations are dismissed.